**UNITED STATES of America,**

**v.**

**Richard L. BROWN, et al., Defendants.**

**Crim.A. No. 96–0054–C.**

United States District Court,
W.D. Virginia,
Charlottesville Division.

March 20, 1998.

Charles Yancey Sipe, St. John, Bowling & Lawrence, Charlottesville, VA, for Defendant.

Ray B. Vitzgerald, Jr., U.S. Attorney's Office, Charlottesville, VA, for U.S.

MEMORANDUM OPINION

MICHAEL, Senior District Judge.

Before the court are defendant Richard L. Brown's March 17, 1998 "Motion for Rule 16 Disclosures" and the defendant's March 17, 1998 "Motion to Disclose Identity of Confidential Informants." For the reasons to follow, the court will grant the former motion but deny the latter.

### I.

The defendant moves for discovery from the government pursuant to Rule 16(a)(1)(D) and (E) of the Federal Rules of Criminal Procedure. Rule 16(a)(1)(D) reads as follows:

> Upon request of a defendant the government shall permit the defendant to inspect and Copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

Fed.R.Cr.P. 16(a)(1)(E) (West 1998). Similarly, Rule 16(a)(1)(E) reads, in pertinent part, as follows:

> At the defendant's request, the government shall disclose to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case in chief at trial.... The summary provided under this subsection shall describe the witnesses' opinions, the bases and the reasons therefor, and the witnesses' qualifications.

Fed.R.Cr.P. 16(a)(1)(E) (West 1998).

Because the materials the defendant requests fail squarely within the contours of the Rule, the court finds the defendant's Rule 16 motion well-taken and will grant the same.

### II.

The defendant additionally moves for an Order requiring the government to disclose the true identity of any confidential informant whose information or testimony the United States intends to use against the defendant at trial. The decision whether or not to require disclosure of a confidential informant lies within the sound discretion of the district court. *United States v. Gray,* 47 F.3d 1359, 1363 (4th Cir.1995).

The law long has been settled that a criminal defendant bears the burden to make a showing in support of disclosure of a confidential informant's identity. *Rugendorf v. United States,* 376 U.S. 528, 534–35, 84 S.Ct. 825, 829–30, 11 L.Ed.2d 887 (1964); *United States v. D'Anjou,* 16 F.3d 604, 609–10 (4th Cir.), *cert. denied,* 512 U.S. 1242, 114 S.Ct. 2754, 129 L.Ed.2d 871 (1994). Time and again, the Fourth Circuit has instructed that a defendant must present concrete reasons supporting disclosure of an informant's identity. *See, e.g., D'Anjou,* 16 F.3d at 609–10; *United States v. Pitt,* 382 F.2d 322 (4th Cir. 1967). The reasons presented must be more than mere guesswork; the defendant must "... come forward with something more than mere speculation as to the usefulness of such disclosure." *United States v. Smith,* 780 F.2d 1102, 1108 (4th Cir.1985).

Here, the court finds that Mr. Brown only speculates that certain confidential informants referenced in reports disclosed by the government "were active first-party participants" in the alleged undercover drug purchases. Motion at 1. While disclosure may be required when a confidential informant is known to have been an integral participant in the crime charged against a defendant, *United States v. Price,* 783 F.2d 1132, 1138 (4th Cir.1986), in this instance Mr. Brown only surmises and baldly declares that such was the case. The court notes, of course, that *some* degree of participation by a confidential informant in the criminal activity with which a defendant is charged does not by itself compel disclosure of that informant's identity. *United States v. Brinkman,* 739 F.2d 977 (4th Cir.1984) (disclosure not required when informant acted as "middle-

man" who introduced undercover agent to defendant).

Because here the defendant offers nothing more than speculation as to the degrees of the confidential informants' roles, if any, in the crimes charged against him, the court will deny the motion.

### III.

For the reasons stated herein, the defendant's March 17, 1998 "Motion for Rule 16 Disclosure" shall be granted, but his March 17, 1998 "Motion to Disclose Identity of Confidential Informants" shall be denied. An appropriate Order shall issue this day.